**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Eric Weinstein,                                  )   No. CV 10-0316-PHX-JAT (JRI)
                                                 )
              Plaintiff,                         )   **ORDER**
                                                 )
vs.                                              )
                                                 )
Maricopa County, et al.,                         )
                                                 )
              Defendants.                        )
                                                 )
_____         )

Plaintiff Eric Weinstein, who was confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a civil rights Complaint in Maricopa County Superior Court; Defendants removed the action to this Court. (Doc. #1, Compl.) Defendants now move to dismiss, and the motion is fully briefed. (Doc. ##12, 13, 15.)

The Court will grant the motion in part, deny it in part, dismiss the federal claims without prejudice, remand the state claims to state court, and terminate the federal case.

**I.    Background and Summary of Motion**

In his Complaint, Plaintiff, who is Jewish, alleged that Defendants were liable for his assault on October 2, 2008, by cellmates who were known to be violent and anti-Semitic. (Doc. #1, Compl.) Plaintiff alleged claims under § 1983 against unknown detention officers who housed Plaintiff with the known violent, anti-Semitic gang members; against Sheriff Arpaio for failing to supervise and control his subordinates; and against Maricopa County for its policies and customs regarding the detention and housing of inmates and the training and supervision of its officers. Plaintiff also alleged state law claims of negligence and gross

negligence against the unknown detention officers and Arpaio.  Plaintiff contended that Maricopa County is vicariously liable for the negligence of the unknown detention officers and Arpaio.  (Id.)  The Court directed Maricopa County and Arpaio to answer the Complaint. It did not dismiss the Doe Defendants but did not order service on them, advising Plaintiff that he could amend the complaint if he discovered their identities.[1]  (Doc. #10.)

Defendants now move to dismiss the entire Complaint on the grounds that (1) Plaintiff failed to exhaust his administrative remedies and (2) Maricopa County is not liable for the acts or omissions of Sheriff's employees.  (Doc. #12.)

## II.    Motion to Dismiss—Exhaustion

### A.    Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).  And a prisoner must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 212 (2007).  Thus, the defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

///

///

---

[1]Plaintiff also named Black Corporations I-X and White Entities I-X.  (Doc. #1, Compl. ¶ 6.)  The Screening Order did not address these fictitious Defendants.

**B.** **Parties' Contentions**

**1.** **Defendants**

In support of the motion, Defendants submit the declaration of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit. (Doc. #12, Ex. A, Fisher Aff. ¶ 1). She attests that the jail's grievance procedures are set out in Policy DJ-3, Inmate Grievance Procedure. (<u>Id.</u> ¶ 2, Ex. B.)   The first step in the grievance process includes an initial grievance form submitted to an officer.  (<u>Id.</u>; Ex. B.)  If the officer cannot resolve the grievance, it is forwarded to the shift supervisor.  (Ex. B.)  If the shift supervisor cannot resolve the grievance, it is forwarded as a formal grievance to the Hearing Unit.  (<u>Id.</u>)  Then, there are two levels of appeal—an Institutional Appeal and an External Appeal.  (<u>Id.</u>)  Fisher attests that the grievance form itself contains language explaining the steps in the grievance process and that MCSO apprises inmates of the process in the MCSO Rules and Regulations for Inmates.  (<u>Id.</u> ¶¶ 6, 3).

Fisher further attests that MCSO maintains a record of all grievances.  (<u>Id.</u> ¶ 7.)  Fisher avers that she reviewed the record and found that Plaintiff filed 80 grievances but no grievances related to the October 2, 2008 assault. (<u>Id.</u> ¶ 9.)

Defendants argue that MCSO provides a grievance system, Plaintiff had knowledge of it, and he failed to file any grievances regarding the issue raised in the lawsuit, so the claims must be dismissed.  (Doc. #12 at 3-4.)  They also assert that Maricopa County cannot be held liable under the theory of *respondeat superior* for the acts that take place during the execution of duties by Sheriff's employees; Maricopa County "has no authority to control and direct any aspect of a sheriff's execution of his statutory duties as sheriff."  (<u>Id.</u> at 5, citing 1988 Ariz. Op. Atty. Gen. 43, citing <u>Fridena v. Maricopa County</u>, 504 P.2d 58 (Ariz. App. Div. 1 1972).)  They argue that because Maricopa County has no authority to control or direct the actions of Arpaio in the execution of his duties, even if Plaintiff's negligence claims remain, the County must be dismissed as a defendant because it cannot be liable for the alleged torts under the doctrine of *respondeat superior*.

///

### 2. Plaintiff

With his response, Plaintiff submits six Inmate Request Forms (Doc. #13); an illegible grievance form, dated October 12, 2008; and an Inmate Institutional Grievance Appeal Form, dated March 11, 2009.

Plaintiff argues that the motion should be denied because, accepting the allegations in the Complaint as true, the claims cannot be dismissed; Plaintiff exhausted his administrative remedies; and Defendants have improperly introduced matters outside the pleadings, which should be excluded or the matter should be treated as a motion for summary judgment, with reasonable notice to the parties. (Doc. #13 at 1-2.)

Plaintiff asserts that he sent six Inmate Letters between July 10, 2008 and October 2, 2008, complaining that he was being forced to share a cell with a gang-affiliated (Aryan Brotherhood and skinhead) inmate, that the cellmate was trying to cause problems for him, and that there could be a fight; Plaintiff asked that one of them be moved. (Id. at 3-5.) Days after the attack, Plaintiff submitted a grievance complaining that he was injured as a result of the fight, which was itself the result of deliberate indifference of MCSO staff. (Id. at 5, Ex. A.) He demanded medical attention and that he not be forced to share a cell with skinheads. (Id.) Plaintiff further asserts that he submitted a subsequent grievance appeal stating that staff was wrong and that he had, in fact, been injured as a result of "this policy." (Id.) Plaintiff asserts that Defendants' silence exhausted the administrative remedies available to him.[2] (Id.)

### 3. Reply

In their reply, defendants reassert that there is no record of grievances related to the October 2008 assault and no basis in law to support Plaintiff's argument that Defendants' silence exhausted the administrative remedies available. (Doc. #15 at 3.)

### C. Analysis

As to Plaintiff's federal claims, the Court will grant Defendant's motion to dismiss

---

[2]The Court need not summarize the remainder of Plaintiff's arguments because the Court will dismiss the federal claims for failure to exhaust and remand the state law claims.

for failure to exhaust administrative remedies. Defendants have met their burden to show that there were available administrative remedies and that Plaintiff did not exhaust his remedies as to the claim in the Complaint. Plaintiff fails to refute Defendants' evidence.

First, because a motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12(b) motion, the requirements of Rule 12(d) regarding matters outside the pleadings do not apply. Fed. R. Civ. P. 12(b). Rule 12(d) applies only to motions under Rule 12(b)(6) or 12(c). Fed. R. Civ. P. 12(d). Thus, the Court may consider matters outside the pleadings without treating the matter as one for summary judgment. Wyatt, 315. F.3d at 1119-20.

Insofar as Plaintiff may be suggesting that he exhausted the grievance process because he submitted numerous Inmate Request Forms, the Court disagrees. A prisoner must complete the administrative review process in accordance with the applicable rules. Woodford, 548 U.S. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

The Court also rejects Plaintiff's assertion that Defendants' silence as to his Institutional Grievance Appeal meant that no remedies were available. First, there is no affidavit from Plaintiff asserting that he received no response from jail officials. Counsel's statements are not evidence. See Comer v. Schriro, 480 F. 3d 960, 988 (9th Cir. 2007). But more important, the grievance procedure provides that if the Institutional Grievance Appeal is not resolved by the Jail Commander, the inmate will be informed of his right to appeal to the External Referee. (Doc. #12, Ex. B, 4 (A) (1) (b).) The Institutional Grievance Appeal Form submitted by Plaintiff notes that the matter was unresolved and to forward the grievance to the External Referee. The Form states that "if you are not satisfied with the jail commanders' response, submit an Inmate External Grievance Appeal Form within 24 Hours of receipt to the External Referee through the chief of the custody bureau." (Doc. #13, Institutional Grievance Appeal Form.) Thus, Plaintiff was informed of his right to appeal.

Plaintiff provides no affidavit explaining what steps, if any, he took after receiving notice of his right to appeal, and he does not claim to have filed an External Grievance Appeal.

The Court finds that Defendants have met their burden to establish Plaintiff's failure to exhaust administrative remedies. Because the requirement to exhaust the grievance process applies to the federal claims against the Doe detention officers as well as Maricopa County and Arpaio, the Court will dismiss the Doe detention officers as Defendants.

As to Black Corporations I-X and White Entities I-X, the Complaint failed to link any specific conduct by them to any specific injury that Plaintiff allegedly suffered. Conclusory allegations that group of Defendants have violated a constitutional right is insufficient to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. Thus, the Court will dismiss without prejudice the federal claims against Defendants Black Corporations I-X and White Entities I-X.

In sum, the Court will dismiss, without prejudice, all federal claims.[3]

**III.  Pendant State Law Claims**

Because the Court is dismissing Plaintiff's federal claims, only his state law claims for negligence and gross negligence remain. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986); see also 28 U.S.C. § 1367(c). "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ., 484 U.S. at 350 (footnote omitted).

The Court, in its discretion, concludes that remand of the pendent claims to the state

---

[3] Allegations of negligence or gross negligence do not state claims under § 1983. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (no federal civil rights action lies for prison officials' negligent failure to protect one inmate from another inmate).

court "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id. at 357. Thus, the Court will remand the pendent state court claims to the Maricopa County Superior Court. Because the Court is declining jurisdiction over the state law claims, it will not address the remainder of Defendants' arguments.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. #12).

(2) Defendant's Motion to Dismiss (Doc. #12) is **granted in part and denied in part** as follows:

    (a) as to the federal claims:

        1. the motion is **granted,**

        2. Defendants Doe detention officers are **dismissed without prejudice**,

        3. Defendants Black Corporations I-X and White Entities I-X are **dismissed without prejudice**; and

        4. the federal claims are **dismissed without prejudice.**

    (b) as to the state law claims:

        1. the Court declines to exercise jurisdiction over the state law claims,

        2. the motion is **denied as moot**, and

        3. the state claims are **remanded** to the Maricopa County Superior Court.

(3) The Clerk of Court must mail a certified copy of this Order to:

Michael K. Jeanes
Clerk of the Superior Court
Maricopa County, Arizona Superior Court
201 West Jefferson
Phoenix, Arizona 85003-2205

///

///

///

///

1    (4)   This action is terminated, and the Clerk of Court must enter judgment

2  accordingly.

         DATED this 16th day of April, 2010.

3

4

5    _____

6                    James A. Teilborg
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28